**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| **ELLISA WHITSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. _____ |
| | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| **THE BRACHFELD LAW GROUP, P.C. ,** | ) | |
| **GRISHAM, KNIGHT & HOOPER,** | ) | |
| **VION HOLDINGS, LLC., and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### <u>JURISDICTION AND VENUE</u>

1.  Jurisdiction of this Court arises under **28 U.S.C. § 1331** and pursuant to **15 U.S.C. § 1692k(d).**

2.  This action arises out of Defendant's numerous and multiple violations of the **<u>Fair Debt Collection Practices Act</u>, 15 U.S.C. §§ 1692 et seq.** ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### <u>PARTIES</u>

4.  Plaintiff Ellisa Whitson (hereinafter "Plaintiff Whitson") is a natural person who resides in Washington County, Tennessee, and a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5.      Defendant The Brachfeld Law Group, P.C. (hereinafter "Defendant Brachfeld") is a law firm and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and can be served through its registered agent as follows: Corporation Service Group, 211 E. 7th Street, Suite 620, Austin, TX 78701.

6.      Defendant Vion Holdings, LLC., a/k/a Vion Receivable Investments (hereinafter "Defendant Vion Holdings") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and a for-profit limited liability company organized in Delaware and may be served through its agent for service of process at Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

7.      Defendant Agent John Doe (hereinafter "Defendant Doe") is an employee of Defendant The Brachfeld Law Group, P.C., and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)** and may be served through its agent for service of process as follows: Corporation Service Group, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8.      Defendant Grisham, Knight & Hooper (hereinafter "Defendant Grisham") is a law firm and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)** organized in Tennessee and may be served at 701 Market Street, Suite 700, Chattanooga, TN 37401.

## FACTUAL ALLEGATIONS

9.      Defendants have alleged that Plaintiff Whitson incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a(5)**, namely, a credit card debt originally owned by HSBC Bank Nevada N.A. (hereinafter "HSBC").

10. Plaintiff Whitson states this obligation was fully satisfied on or about December 22, 2008, by issuance of a check payable to HSBC Bank for One Thousand Thirty Six Dollars and Ninety Two Cents ($1,036.92).

11. The Account (Account Number 7001098100022357) was paid and satisfied by Plaintiff Whitson in December of 2008.

12. Nonetheless, prior to June 20, 2011, Plaintiff Whitson's alleged debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff Whitson.

13. All subsequent attempts to collect the alleged debt constitute illegal attempt, to collect a debt that was no longer outstanding.

14. All post January communications or statements regarding the character, mature and amount of the alleged debt were false, deceitful and misleading in violation of **U.S.C. 15§§ 1692e(5), 1692e(10), 1692e(8), 1692f and 1692f(1)**.

### *Collection Letter dated June 20, 2011*

15. Within one year prior to the filing of this present Complaint, on or about June 20, 2011, Defendant Brachfeld sent a collection letter to Plaintiff Whitson dated June 20, 2011. A copy of the June 20, 2011, collection letter is filed as Exhibit 1 to this Complaint.

16. The June 20, 2011 collection letter from Defendant Brachfeld was a "communication" as that term is defined by **15 U.S.C. § 1692a(2)**, and was made in connection with collection of a debt and in an attempt to collect a debt.

17. The June 20, 2011, collection letter from Defendant Brachfeld shows the name: The Brachfeld Law Group, P.C., on their letterhead.

18.   The June 20, 2011, collection letter stated that:

      (a) The current creditor on the account was Vion Holdings, LLC;
      (b) Originator: HSBC;
      (c) Originator Account #: XXXXXXXXXXXXX357 (redacted);
      (d) Reference #: 000857677
      (e) Total Amount Due: $1,530.42.

19.   The June 20, 2011, collection letter further stated that:

"You qualify for a reduction on your account for a total payment of $1,071.29. That is a savings of $459.13. All payments should be payable to The Brachfeld Law Group. Payment must be received in our office by 6/29/2011. If payment is not received by 5 P.M. on that date, this offer is withdrawn. Additionally, you may qualify for a three month payment; however you must contact an office representative to determine if this will apply to you.

If you take advantage of the above settlement offer to avoid future collection activity on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved. In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date.


As of the date of this letter, you owe the total amount due listed above. Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater. Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 866-598-9371.

Although we are a law firm, lawyers may still be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are only licensed in California and we do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time, this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client."

20.    The June 20, 2011, collection letter also stated:

> "**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY
> INFORMATION OBTAINED WILL BE USED
> FOR THAT PURPOSE.  THIS COMMUNICATION
> IS FROM A DEBT COLLECTOR.**"

21.    The June 20, 2011, collection letter was not signed. See Exhibit 1 attached to this

Complaint.

### COLLECTION CALLS MAY 12, 2011 THROUGH JUNE 23, 2011

22.    On May 12, 2011, at 1:52 p.m., Defendant Doe called Plaintiff Whitson's cellular phone

and Defendant Doe left a voicemail message stating "this is an effort to collect a debt".

Defendant Doe stated he was with Defendant Brachfeld.

23.    On June 23, 2011, at 3:45 p.m., Plaintiff Whitson called Defendant Brachfeld.  Plaintiff

Whitson was told they could not find Plaintiff Whitson in their database and transferred

her to "small claims".

24.    On June 23, 2011, at 3:50 p.m., Defendant Doe called Plaintiff Whitson's cellular phone

and left a voicemail message that they had left an incorrect area code and referenced that

Plaintiff Whitson had faxed Defendant Brachfeld a "cease and desist order" and reference

number, 10335288.

25.    In an effort to collect the alleged debt, Defendant Doe called Plaintiff Whitson's cellular

phone as outlined in paragraphs 15-17 above on the dates and times indicated.

26.    Plaintiff Whitson did not expressly consent to Defendants' placement of telephone calls

to her cellular telephone by use of an automated telephone dialing system of pre-recorded

or artificial voice/recording prior to Defendant Doe's placement of these calls as at least

partly detailed in paragraphs 15-17 above.

27. None of Defendants' telephone calls placed to Plaintiff Whitson's cellular phone were for "emergency purposes" as specified in **47 U.S.C. § 227(b)(1)(A).**

28. Defendants willfully and/or knowingly violated the **TCPA** as outlined above.

### *Collection Letter dated July 18, 2011*

29. Within one year prior to the filing of this present Complaint, on or about July 18, 2011, Defendant Grisham sent a collection letter to Plaintiff Whitson dated July 18, 2011. A copy of the July 18, 2011, collection letter is filed as Exhibit 2 to this Complaint.

30. The July 18, 2011 collection letter from Defendant Grisham was a "communication" as that term is defined by **15 U.S.C. § 1692a(2)**, and was made in connection with collection of a debt and in an attempt to collect a debt.

31. The July 18, 2011, collection letter from Defendant Grisham shows the name: The Grisham Knight & Hooper on their letterhead.

32. The July 18, 2011, collection letter stated that:

> CREDITOR:   Vion Holdings LLC As Assignee of HSBC Bank NV NA
> Creditor Balance as of August 31, 2009 - $1,530.42
> Current Balance - $1,530.42 *which includes accrued interest and attorney fee if applicable*

33. The July 18, 2011, collection letter further stated that:

> "We represent Vion Holdings LLC As Assignee of HSBC Bank NV NA. Your debt to that creditor has been placed with us for collection. Unless you, within thirty days after receipt of this letter, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If this account is not paid in full, or if satisfactory payment arrangements are not made with us, we will, on behalf of our client, pursue such legal

remedies as allowed by law. For your convenience we are able to take your check over the phone.

34.     The July 18, 2011, collection letter also stated:

"Contact our office about possible settlement options at reduced amounts."

*"This communication is from a debt collector and is an effort to collect a debt. Any information will be used for that purpose."*

35.     The July 18, 2011, collection letter was not signed. See **Exhibit 2** attached to this Complaint.

### *November 4, 2011 Collection Lawsuit*

36.     Within one (1) year prior to the filing of this Complaint, on or about November 4, 2011, Defendants filed a Civil Warrant and Affidavit against Plaintiff Whitson in State Court (collectively the "collection lawsuit"). See **Exhibit 3** attached to this Complaint.

37.     The Civil Warrant was filed and served on Plaintiff Whitson in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. § 1692a(2)**.

38.     The sworn Affidavit was filed and served in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. § 1692a(2)**.

39.     When purchasing charged-off consumer debts, Defendant Vion makes an intentional business decision not to obtain knowledge as to whether a written Contract existed between the original creditor of the debt and the consumer, or if there was other documentation showing when or how the debt was incurred, or anything beyond very rudimentary information (i.e., the consumer's name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt), which would allow them to properly calculate

the amount of debt owed by a consumer at the time they file a State Court lawsuit.

40.    When Defendant Vion bought the debt they allege is owed by Plaintiff Whitson, they intentionally made a business decision not to receive any of the basic documents or evidence needed to demonstrate that the amount they claimed that was due from Plaintiff Whitson, as either principal, interest, costs or attorney's fees, were actually owed by her, and they did not possess any such documents as of the date they filed the collection lawsuit.

41.    Specifically, at the time Defendant Vion purchased Plaintiff Whitson's alleged Account, they did not receive any documents which (a) could be used as evidence to show, in a court of law, that Plaintiff  Whitson had entered into a Contract with any entity creating the debt or opening an Account, (b) show how the amount claimed as due was calculated or what Plaintiff Whitson received in return for incurring the debt, (c) show how the pre-judgment interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by Plaintiff Whitson caused the alleged default, and they did not possess any such documents as of the date they filed the collection lawsuit.

42.    Instead, when Defendant Vion purchased this Account, all they received was the aforementioned limited information about Plaintiff Whitson and the debt, which was transmitted electronically as part of a spreadsheet.

43.    Despite the fact that they had no evidence showing that Plaintiff Whitson owed the amount of debt they were alleging she owed, and prior to making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were alleging she owed, Defendant Vion and Defendant Grisham filed suit against Plaintiff Whitson in State Court seeking to collect One Thousand Five Hundred Thirty

Dollars and Forty Two Cents ($1,530.42) requesting any private process fees and costs of suit.

44. Defendant Vion and Defendant Grisham alleged in their collection lawsuit that Defendant Vion is the assignee of HSBC Bank NV NA, but have provided no competent evidence before or since the filing of the lawsuit that would support the truthfulness of this allegation.

45. Defendant Vion and Defendant Grisham have a "pattern and practice" of filing collection lawsuits against consumers in Tennessee on debts (a) after making an intentional business decision not to obtain knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other documentation showing when or how the debt was incurred, (b) prior to making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, and (c) by attaching Affidavits from individuals whose knowledge of the specifics of the original debt is limited or non-existent, intending to either obtain a default Judgment or coerce the consumer into a settlement.

46. Defendant Vion and Defendant Grisham also engage in a "pattern and practice" of continuing the collection lawsuits several times when contested by a consumer and then non-suiting (dismissing without prejudice) when they are challenged by a consumer who requests that they provide the evidence necessary to show the State Court Judge that the consumer actually owes the alleged debt they are attempting to collect.

47. Defendant Vion and Defendant Grisham file the collection lawsuits against Tennessee consumers, knowing they do not have the means and do not intend to obtain the means of proving the alleged debt.

48.     The lack of documentation that debt buyers such as Defendant Vion receive when they purchased the debt is reflected in the price of the debt, sometimes as little as one cent (.01¢) or two cents (.02¢) on the dollar.

49.     When debt buyers such as Defendant Vion and debt collection attorneys such as Defendant Grisham file collection lawsuits against Tennessee consumers on debt allegedly owned by debt buyers they fail to obtain written Contracts signed by consumers or other supporting documentation of the debt, prior to filing the State Court collection lawsuits.

50.     When Defendant Vion purchased Plaintiff Whitson's alleged debt, they did not receive any supporting documentation of the debt, including, but not limited to, (a) the alleged underlying Contract between HSBC Bank NV NA and Plaintiff Whitson, (b) anything bearing Plaintiff Whitson's signature, (c) any documentation regarding what Plaintiff Whitson purchased or when she made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the alleged debt is principal and which portion is interest.

51.     Prior to Defendant Vion and Defendant Grisham filing the State Court collection lawsuit against Plaintiff Whitson, they failed to obtain any supporting documentation of the debt, including, but not limited to, the alleged underlying Contract between HSBC Bank NV NA and Plaintiff Whitson, anything bearing Plaintiff Whitson's signature, any documentation regarding what Plaintiff Whitson purchased or when she made a purchase, monthly billing statements, a payment history, or documents showing how the amount of the alleged debt was calculated.

52. Because debt buyers such as Defendant Vion and debt collection attorneys such as Defendant Grisham lack documentation necessary to establish a claim based on monies advanced or loaned, they often file collection lawsuits against Tennessee consumers on a sworn Account, and attempt to support the claim with a false, deceptive and misleading Affidavit.

53. In a majority of the cases, debt buyers such as Defendant Vion and debt collection attorneys such as Defendant Grisham obtain a default Judgment and the sufficiency of the debt buyer's Affidavit and the related Accounts are not challenged.

54. In those few instances where the consumer has the means and ability to defend the collection lawsuit, debt buyers such as Defendant Vion and debt collection attorneys such as Defendant Grisham usually will dismiss the case rather than risk having its systemic fraud on the court exposed.

55. The filing of a collection lawsuit is a collection activity.

56. The filing of collection lawsuits against consumers by Defendant Vion in the Tennessee State Courts is no less "active" debt collection activity than telephone calls, letters, or any other form of communication.

57. **Webster's** defines active as "characterized by action rather than by contemplation or speculation" and passive as "not acting but acted upon". *See **Webster's Third New International Dictionary, Unabridged**.* **Merriam-Webster, 2002**.

58. The comparison between active and passive are easily understood. If you do something you are being active. If you have something done to you, you are being passive.

59. Defendant Vion are not contemplating or speculating being passive about filing collection lawsuits against Tennessee consumers in their name, they are doing it.

60.    Defendant Vion and Defendant Grisham failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of the alleged debt.

*Use of False, Deceptive and Misleading Warrant to Collect Debt*

61.    The collection lawsuit against Plaintiff Whitson was based on a sworn Account.

62.    Defendants' sworn Account claim was defective because this claim was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant that intended to deceive the State Court and Plaintiff Whitson.

63.    After receiving no evidence from Defendants after the initial court date, on or about January 25, 2012, Plaintiff Whitson filed a Sworn Denial in the collection lawsuit stating that she had not entered into any Agreement with Defendant Vion for the repayment of debt or otherwise.

64.    Without a written Contract signed by Plaintiff Whitson, the Defendants may not recover attorney's fees or a Contract rate of interest on the underlying debt.  ***Holcomb v. Cagle***, **277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008)** (**perm. app. den. Sup. Ct., December 15, 2008**).

65.    The amount of One Thousand Five Hundred Thirty Dollars and Forty Two Cents ($1,530.42) requested by Defendant Vion and Defendant Grisham as allegedly owed by Plaintiff Whitson including private process fees and costs of suit not expressly authorized by the Agreement creating the debt or permitted by law.

66.    Defendant Vion and Defendant Grisham intentionally made a business decision to file the collection lawsuit without (a) obtaining knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other

documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, but to rely solely on other parties for this information.

59. Defendant Vion and Defendant Grisham's business decision to rely entirely on HSBC Bank NV NA or an assignee of HSBC Bank NV NA as to the amount of debt allegedly owed by Plaintiff Whitson without (a) obtaining knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff  Whitson or if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt.

60. By making a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, prior to filing a collection lawsuit, Defendant Vion and Defendant Grishamintentionally used a deceptive and misleading representation in connection with collection of the debt as to the amount allegedly owed by Plaintiff Whitson.

61. By filing the Civil Warrant with the use of deceptive and misleading representations or means in connection with collection of the debt while unreasonably relying on HSBC Bank NV NA or an assignee of HSBC Bank NV NA as to the amount of debt allegedly

owed by Plaintiff Whitson, without knowledge of whether a written Contract existed or what it provided, Defendant Vion and Defendant Grisham communicated credit information to the State Court, the general public and Plaintiff Whitson, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(8)**.

62.     The statement in the Civil Warrant that Plaintiff Whitson owed One Thousand Five Hundred Thirty Dollars and Forty Two Cents ($1,530.42) was an amount based on a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Vion and Defendant Grisham had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when Defendant Vion and Defendant Grisham had intentionally made no effort to do so, and the amount of debt alleged as owed was not authorized by the Agreement creating the debt or permitted by law in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

### *Use of False, Deceptive and Misleading Proof of Debt to Collect Debt*

63.     A Proof of Debt filed in support of a Civil Warrant on a sworn Account in Tennessee is filed to attest to the correctness of the amount owed on the account. **Tenn. Code Ann. § 24-5-107(a)**.  See **Exhibit 4** attached to this Complaint.

64. Defendant Selagea, who authored the Proof of Debt, dated September 13, 2011, was attached to the Civil Warrant filed on November 4, 2011, certified under penalty of perjury that the following statements are true and correct:

    (a)    Original Creditor: HSBC Bank Nevada N.A.

    (b)    Original Account#: 7001098100022357

    (c)    The undersigned, as agent for the Plaintiff, makes oath that the defendant in the above cause is indebted to Plaintiff in the principal amount of $1,530.42, that said debt is just, due and unpaid after giving all credit; and that the defendant is not now in the military service of the United States to the best of her knowledge, information and belief.

65. Defendant Selagea did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Whitson and, if so, whether the amount of the debt she alleged was owed by Plaintiff Whitson in the Proof of Debt was correct, prior to signing the Proof of Debt.

66. The reason Defendant Selagea did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Whitson and, if so, whether the amount of the debt she alleged was owed by Plaintiff Whitson in the Affidavit was correct, prior to signing the Affidavit was because Defendant Vion had made a business decision not to obtain any records of the originator of the debt that would have allowed her to make this determination.

67. The only records held by Defendant Vion at the time Defendant Selagea signed the sworn Affidavit were computer records, which contained very limited information about Plaintiff Whitson and her alleged debt.

68.  The only records that Defendant Selagea was able to review prior to signing the sworn Affidavit were the limited computer records obtained by Defendant Vion from HSBC Bank NV NA or an assignee of HSBC Bank NV NA.

69.  Without any records of the originator of the debt available for her review to determine if there was a Contract signed by Plaintiff Whitson, and if so, whether the amount of the debt she alleged was owed by Plaintiff Whitson in the Affidavit was correct as required by Tennessee State Law for a sworn Account, it was impossible for Defendant Selagea to truthfully make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Whitson.

70.  Form Affidavits, such as the one filed in the State Court lawsuit against Plaintiff Whitson, are generated automatically by a computer owned by Defendant Vion or one of its agents upon request and are routinely provided to Defendant Selagea who signs numerous Affidavits each day without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Whitson, within the requirements of Tennessee State Law.

71.  These form Affidavits are attached to and filed with the Civil Warrant by Defendant Grisham.

72.  The intentional use by Defendants of the form Affidavits when their use is clearly in violation of the State Law requirements for sworn Accounts is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e(10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

73. Defendant Selagea's sworn Affidavit states the following:

    (1) "The records are kept in the regular course of business";

    (2) "It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record"; and

    (3) "In the regular course of business, the record or compilation is made at or near the time of the act or event."

74. These statements are a failed attempt to regurgitate the language from the **Tennessee Rules of Evidence, Rules 803(6)** and **902(11)**, in an intentional attempt to mislead the State Court and Plaintiff Whitson into believing that Defendant Selagea was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiff Whitson and that Plaintiff Whitson, in fact owed the debt, when it was not possible for her to have such personal knowledge, and that this evidence should be admitted under the "Business Records" exception to the introduction of hearsay evidence.

75. Defendants filed the collection lawsuit against Plaintiff Whitson in an attempt to collect the debt intentionally using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

76. The intentional use by the Defendants of the false, deceptive and misleading Affidavit in connection with collection of the debt was not a procedure reasonably adapted to avoid violating the FDCPA in their attempts to collect the alleged debt from Plaintiff Whitson.

77.     The attestations made by Defendant Selagea in the Affidavit regarding the debt, including, but not limited to, the amount of the debt owed by Plaintiff Whitson, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Whitson, as required by Tennessee State Law, in violation of **15 U.S.C. § 1692e(2)(A)**, and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e(10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

78.     Defendant Vion and Defendant Grisham intentionally use virtually identical form Affidavits in these lawsuits, alleging facts that are not in possession of Defendant Vion and to which its officers, employees and/or agents are not qualified to sign under oath due to their lack of proper information.

79.     Defendant Vion and Defendant Grisham engage in a pattern and practice of filing the collection lawsuits against consumers: (1) after making business decisions not to obtain knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other documentation showing when or how the debt was incurred, (2) prior to making a reasonable and adequate investigation as to whether Plaintiff Whitson owed the amount of debt they were attempting to collect, (3) knowingly using false, deceptive, and misleading Affidavits signed by persons without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, as required under Tennessee State Law for sworn Accounts, and (4) with the

improper motive of obtaining default Judgments against ninety five percent (95%) or more of consumers who are intimidated by the allegations in the Affidavit simply because they are made under penalty of perjury, in order to increase their financial bottom line.

80.    By filing the collection lawsuit against Plaintiff Whitson in an attempt to collect the debt, after making business decisions not to obtain knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other documentation showing when or how the debt was incurred, prior to reasonably and adequately investigating whether Plaintiff Whitson owed the amount of debt they were attempting to collect, while knowingly using false, deceptive, and misleading Affidavits signed by persons without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, as required under Tennessee State Law for sworn Accounts, and with the improper motive of obtaining default Judgments in order to increase their financial bottom line, Defendant Vion and Defendant Grisham violated **15 U.S.C. § 1692e(5)**, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e(10)**.

81.    By filing the collection lawsuit against Plaintiff Whitson in an attempt to collect the debt with the use of an Affidavit that contains false, deceptive and misleading misrepresentations made by individuals who allege facts not in their possession and in violation of Tennessee State Law, Defendants use false, deceptive, and misleading representation or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal

right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

82.     Defendants did not have knowledge as to whether a written Contract existed between HSBC Bank NV NA and Plaintiff Whitson or if there was other documentation showing when or how the debt was incurred, prior to filing the sworn Affidavit.

83.     Defendants intentionally chose not to have Defendant Selagea review a copy of the written Contract signed by Plaintiff Whitson or other evidence as to the amount of debt allegedly owed by Plaintiff Whitson or the fact that Plaintiff Whitson owed the debt at all, prior to executing the sworn Affidavit.

84.     By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the false, deceptive, and misleading Affidavit which stated Plaintiff Whitson owed One Thousand Five Hundred Thirty Dollars and Forty Two Cents ($1,530.42) Defendant Vion and its agents communicated credit information to the State Court, the general public and Plaintiff Whitson, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(8)**.

85.     The statement in the Affidavit that Plaintiff Whitson owed One Thousand Five Hundred Thirty Dollars and Forty Two Cents ($1,530.42), after Defendant Vion and Defendant Grisham intentionally chose not to obtain or to have Defendant Selagea review a copy of the written Contract signed by Plaintiff Whitson or other evidence as to the amount of debt allegedly owed by Plaintiff Whitson or the fact that Plaintiff Whitson owed the debt at all, prior to executing the sworn Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had

attempted to properly calculate the amount owed prior to filing the Affidavit, when Defendants had intentionally made no effort to do so, in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

### *Failure To Include § 1692e(11) Language In Initial or Subsequent Communication*

86.     The FDCPA states:

> "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." **15 U.S.C. § 1692e(11)**.

87.     The FDCPA states:

> "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." **15 U.S.C. § 1692e(11)**.

88.     The sworn Affidavit is a "communication" as defined by **15 U.S.C. § 1692a(2)**.

89.     The sworn Affidavit is not a formal pleading made in connection with a legal action.

90.     If the sworn Affidavit is the initial written communication by the Defendants with Plaintiff Whitson in connection with collection of the debt, the Defendants failed to disclose in the sworn Affidavit that they are attempting to collect a debt and that any information obtained will be used for that purpose, in violation of **15 U.S.C. § 1692e(11)**.

91.     If the sworn Affidavit is a subsequent communication by the Defendants with Plaintiff Whitson in connection with collection of the debt, the Defendants failed to disclose in the sworn Affidavit that the communication is from a debt collector, in violation of **15 U.S.C. § 1692e(11)**.

## *Collection Service Licensing*

92.    "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness, **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** **Tenn. Code Ann. § 62-20-102(3)**. (emphasis added)

93.    No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior State Law. **Tenn. Code Ann. § 62-20-105(a).**

94.    As of the date of the filing of the collection lawsuit against Plaintiff Whitson, Defendant Brachfeld had not applied for or had been issued a valid collection service license by the Tennessee Collection Service Board that is necessary for a collection service to legally collect debts, in Tennessee.

95.    Any procedures maintained (i.e., actually employed or implemented) by Defendant Vion Holdings, LLC., to avoid errors under the **FDCPA** were not reasonably adapted to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchase by failing to be licensed as a collection service by the Tennessee Collection Service Board, prior to filing the collection lawsuit against Plaintiff Whitson in an attempt to collect the debt.

96.    Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the **FDCPA** were not reasonably adapted to avoid

threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff Whitson in an attempt to collect the debt.

97.     Any procedures maintained (i.e., actually employed or implemented) by Defendant Doe, to avoid errors under the FDCPA were not reasonably adapted to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff Whitson in an attempt to collect the debt.

98.     By attempting to collect the debt from Plaintiff Whitson at a time when Defendant Brachfeld was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Brachfeld violated **15 U.S.C. §§ 1692e, 1692e(5), 1692e(10)**, and **1692f**. *See, _LeBlanc v. Unifund CCR Partners_*, **601 F.3d 1185, 1190 fn. 9 (11th Cir. 2010)** ("*See, e.g., _Sibley v. Firstcollect, Inc._,* **913 F. Supp. 469, 471 (M. D. La. 1995)**; **_Russey v. Rankin_, 911 F. Supp. 1449, 1459 (D.N.M. 1995)** (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); **_Kuhn v. Account Control Tech, Inc._, 865 F. Supp. 1443, 1451-52 (D. Nev. 1994)** (finding failure to register as a debt collector under Nevada law violated **15 U.S.C. § 1692 f**); **_Gaetano v. Payco of Wisc. Inc._, 774 F. Supp. 1404, 1414-15 n. 8 (D. Conn. 1990)** (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering "deprived the Plaintiff Whitson of her right as a consumer debtor residing within the state to have the Defendant's qualifications as a collection agency reviewed by

state authorities."); Also, see, *__Bradshaw v. Hilco Receivables, LLC,__* **No. RBD-10-113, 2011 WL 652476, at \*10 (Feb. 23, 2011 D. Md.**).

### *Respondeat Superior Liability*

99.   In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Doe, Brachfeld and Grisham as agents for Defendant Vion Holdings and who communicated with Plaintiff Whitson as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Vion Holdings

100.   The acts and omissions by Defendants Doe, Brachfeld, and Grisham were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Vion Holdings in collecting consumer debts.

101.   By committing these acts and omissions against Plaintiff Whitson, Defendants Doe, Brachfeld, and Grisham were motivated to benefit their principal, Defendant Vion Holdings.

### *Summary*

102.   The above-detailed conduct by Defendants in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions of the FDCPA.

### __TRIAL BY JURY__

103.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  **US Const. amend. 7.  Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

104.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

105.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, **15 U.S.C. §§ 1692 *et seq.***, with respect to Plaintiff.

106.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. § 1692k(a)(1)**, in an amount to be determined at trial by a jury; statutory damages in the amount of One Thousand Dollars ($1,000.00) pursuant to **15 U.S.C. § 1692k(a)(2)(A)**; and, reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE COLLECTION PRACTICES ACT

## 47 .S.C. §227 *et seq.*

107.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

108.     Defendant Brachfeld placed non-emergency phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system in addition to a pre-recorded

or artificial voice/recording without Plaintiff's prior expressed consent in violation of **47 U.S.C. §227(b)(1)(A)(iii)**.

109.    As a result of each and every Defendant's violations of the TCPA, Plaintiff is entitled to damages pursuant to **15 U.S.C. § 1692k(a)(1)** in the amount of Five Hundred Dollars or up to One Thousand Five Hundred Dollars ($500.00-$1,500.00) for each call made by Defendant Brachfeld to Plaintiff's cellular telephone using an automatic telephone dialing system in addition to a pre-recorded or artificial voice/recording without Plaintiff's prior expressed consent pursuant to **47 U.S.C. §227***et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k(a)(1)** against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of One Thousand Dollars ($1,000.00) pursuant to **15 U.S.C. §1692k(a)(2)(A)** against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k(a)(3)** against each and every Defendant; and

- for such other and further relief as may be just and proper.

06/05/2012                              Respectfully submitted on behalf of,

                                        **ELLISA WHITSON**

                                         /s/ Everett H. Mechem
                                        **Everett H. Mechem, Attorney for Plaintiff**
                                        BPR #011854
                                        Mechem Law Firm, P.C.
                                        220 Broad Street, Suite 206
                                        Kingsport, TN 37660
                                        Telephone: (423) 207-1300
                                        Facsimile:  (423) 370-1717
                                        everett@mechemlaw.com